UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON ROCHE, ET. AL., | § | |
| *Plaintiffs,* | § § § | |
| v. | § | Civil Action No.  SA-15-CV-268-XR |
| S-3 PUMP SERICE, INC., | § § § | |
| *Defendant.* | § § § § | |

**ORDER**

In their First Amended Complaint Plaintiffs allege that they are current or former employees of the Defendant and the Defendant improperly classified them as exempt from overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* FED. R. CIV. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Accordingly, the method adopted by this Court[1] for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves conditional certification, allowing the plaintiff to notify potential members of the action, followed by a factual

---

[1] The Fifth Circuit has specifically permitted district courts to apply the *Lusardi* approach at the district court's discretion, but has not formally adopted the *Lusardi* approach itself. *Mooney*, 54 F.3d at 1214. This Court has previously applied the *Lusardi* approach. *See, e.g., Barrera v. MTC, Inc.*, SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011).

1

determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. *Lusardi v. Xerox Corp.*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213. This determination is based solely on the pleadings and affidavits. The pleadings and affidavits must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006). The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in. "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d at 1214. Upon completion of discovery, the defendant may file a motion for decertification. *Id.* At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. *Id.* If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

Here, the Court has reviewed Plaintiffs' pleadings, affidavits, and motion for conditional certification, to which Defendant has responded. Plaintiffs seek certification of a class of all former and current Field Operators/Supervisors (CLASS A) and Field Hands/Assistant Operators (CLASS B) who worked in the operational districts of Texas, Ohio, Louisiana, Mississippi and North Dakota after April 9, 2012, and who were classified as salaried and not paid overtime compensation

Defendant responds, acknowledging that the weight of the law in this Circuit allows for conditional certification, but requests that Plaintiffs' request be modified. First, Defendant states that Field Operators/Supervisors are more accurately titled Pump Supervisors. It also asserts that Field Hands/Assistant Operators and more accurately titled Pump Assistants. This modification will be granted and the proposed conditional class will consist of the following:

Class A:

All former or current employees of Defendant who are or were employed as Pump Supervisors (or Field Operators/Supervisors) in Texas, Ohio, Louisiana, Mississippi and North Dakota anytime since April 9, 2012, who were classified as salaried employees and not paid overtime compensation.

Class B:

All former or current employees of Defendant who are or were employed as Pump Assistants (or Field Hands/Assistant Operators) in Texas, Ohio, Louisiana, Mississippi and North Dakota anytime since April 9, 2012, who were classified as salaried employees and not paid overtime compensation.

Secondly, Defendant asserts that the correct time period to include in the notice is the period of time prior to the date of the Court's order conditionally certifying the Class and approving the notice. The Court disagrees. The three year period of limitations is calculated

from the date Plaintiffs filed their original complaint seeking certification. *See Sobczak v. AWL Industries, Inc.*, 540 F.Supp.2d 354, 364 (E.D. N.Y. 2007).

Defendant also argues that the proposed class is overly broad because Plaintiffs' amended complaint stated on "average, Plaintiffs worked approximately seventy (70) to ninety (90) hours per week. They did not receive overtime compensation." Docket No. 25 at ¶ 118. Defendant argues that Plaintiffs should be limited to a class of persons described within the four corners of the complaint. This argument lacks merit inasmuch as Plaintiffs have adequately pled that they worked in excess of 40 hours per week and received no overtime pay. See Docket No. 25 at ¶¶ 121-124.

Defendant objects to the scope of the class because it seeks to have future employees included. That objection is sustained. Only employees who have suffered damages can recover under the FLSA.

Defendant objects to the geographic scope arguing that there is no allegation that any aggrieved employee has ever worked in Mississippi and accordingly any Mississippi employee is not "similarly situated." Defendant is correct that no current Plaintiff has alleged that they have worked for Defendant in Mississippi. Nonetheless, Plaintiffs' affidavits state that Defendant has one corporate office, one human resources department and one centralized hierarchy for determining pay. Plaintiffs have made a prima facie showing that they are similarly situated to employees working in Mississippi. After discovery Defendant may file any motion for decertification if it can assert that Mississippi employees are paid differently. See *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793 (E.D. La. 2007).

Defendant further objects, in part, to the proposed Notice. Given the change to the proposed description of the two classes, the Composition of the Class should be modified accordingly. Defendant also objects to Plaintiffs' proposal to send a "reminder" postcard in the event that a former or current employee does not respond to the original notice. In light of Defendant's agreement to provide email addresses for the potential members of the class, a "reminder" postcard is unnecessary. See *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184 (D. Ariz. 2014). Defendant further objects to the Plaintiffs' proposal that the notice should be posted at the Defendant's corporate offices. That objection is sustained. The class of employees works in the field, not in any corporate office. Defendant further argues that the current amended complaint need not be served with the notice. Although this is not mandated usually, the Court sees no harm in potential class members actually reading the Complaint that they are agreeing to join. Any other objections to the proposed notice are denied.

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' allegations and affidavits are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiffs' motion for conditional certification (docket no. 40).

To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendant to provide Plaintiffs with a list (in an electronic format) of the names and last known physical and email addresses (and the last four digits of social security number) of all current or former employees in the classes listed above within fourteen (14) days of the date of this Order. Upon receipt of said list by Plaintiffs, Plaintiffs shall

send to potential class members the court-approved notice of this action with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

SIGNED this 9th day of July, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE