IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JASON ROCHE, SHANE TALLEY, BLAKE VINES,**                                        **PLAINTIFFS**
**JAMES WEDGEWORTH, BRANDON BURRIS, SEAN**
**FOLLIS, DAVID JURGENS, MARK BURTON, JEFF**
**GANDER, SKYLER GASSNER, PATRICK MASTERSON,**
**CHRIS SCHELL, JUSTINO PENA, JUSTIN MULLER,**
**JAMES THOMPSON, KELBY GOGENOLA, KYLE STURGISS,**
**DONNIE LANG, MICHAEL HATALA, JONAS ROBBINS,**
**JOE CONGER, ROY LEWIS, GEORGE BRICE, DUSTIN**
**MOORE, JEREMY RICHARDSON, CHRIS MITCHELL**
**and MATTHEW GRIFFIN, Each Individually and on behalf**
**of All Others Similarly Situated**

vs.                                        No. 5:15-cv-268-XR

**S-3 PUMP SERVICE, INC.,**                                        **DEFENDANTS**
**MALCOLM H. SNEED and LINDA SNEED**

<u>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>
<u>**REGARDING THE EMPLOYER STATUS**</u>
<u>**OF SEPARATE DEFENDANT MALCOLM H. SNEED**</u>

<u>**MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

COME NOW Plaintiffs Jason Roche, *et. al*., by and through their counsel Josh

Sanford of Sanford Law Firm, PLLC, and for their Motion for Partial Summary Judgment

Regarding the Employer Status of Separate Defendant Malcom H. Sneed, and in

support thereof, they do hereby state and allege as follows:

1.        Plaintiffs seek summary judgment in their favor with respect to the limited

legal issue of the status of Separate Defendant Malcolm H. Sneed (hereinafter

"Defendant" or "Sneed") as an "employer" of Plaintiffs, opt-in plaintiffs, and all members

Page 1 of 11
Jason Roche, et al. v. S-3 Pump Service, Inc.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR
Plaintiffs' Motion For Partial Summary Judgment
Regarding The Employer Status Of Separate Defendant Malcolm H. Sneed and
Memorandum Brief in Support

of the FLSA collective classes (hereinafter referred to as "Class Members"), as the term is defined at 29 U.S.C. § 203(d).

2.     The undisputed facts in this case demonstrate that Sneed exercised control over Plaintiffs' and class members' daily activities, pay, working hours and other aspects of their work circumstances. Under the FLSA, a corporate executive who exercises even indirect control over workers is personally liable for violations of the Act.

3.     Sneed's control over Plaintiffs' working conditions was direct and continuous throughout the period relevant to this lawsuit.

4.     Moreover, Sneed was, along with Separate Defendant S-3 Pump Service, Inc., a primary beneficiary of the fruits of Plaintiffs and class members' labors.

5.     Defendants cannot raise a genuine issue of material fact from which a reasonable jury could determine that Sneed was not an employer of class members.

6.     Plaintiffs attach the following exhibits to this Motion:

Exhibit A - Sneed Dep. 10:14-11:8, 16:5-13, 21:22-22:4, 23:12-23, 67:18-68:14, 69:12-24, 78:1-25, 79:14-81:24.

7.     Counsel for Plaintiffs sought an agreement that this motion could be filed unopposed, but after a telephone call and email exchange with Defendants' counsel, this motion is opposed.

WHEREFORE, premises considered, Plaintiffs pray that the Court grant partial summary judgment in Plaintiffs' favor regarding the status of Separate Defendant Malcolm H. Sneed as their employer; for costs and reasonable attorney's fees; and for all other good and proper relief to which they may be entitled.

**Page 2 of 11**
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL**
**SUMMARY JUDGMENT REGARDING THE EMPLOYER STATUS**
**OF SEPARATE DEFENDANT MALCOLM H. SNEED**

## I.  INTRODUCTION

Under the Fair Labor Standards Act ("FLSA"), "any employer who violates" the Act is liable to the affected employees. 29 U.S.C.S. § 216(b). The filing of this Motion is necessitated by Defendants' meritless position that Sneed was not a Plaintiffs' employer and therefore is not liable for the violations alleged by Plaintiffs. See Defendant's Answer ¶ 101 (ECF No. 166).

All of the evidence in this case establishes that Sneed is an employer of Plaintiffs and Class Members, and Defendants can produce no genuine issue of material fact which would permit a reasonable jury or this Court to find that Sneed was not an employer of Plaintiffs and Class Members. Therefore, Plaintiffs are entitled to summary judgment in their favor on this issue.

This issue deserves immediate attention by this Court for two reasons. First, if Sneed is not an employer for the purposes of this lawsuit, then Plaintiffs should begin the process of suing the proper parties. Second, Sneed's position that he is not Plaintiffs' employer has complicated and will continue to complicate the progress of this case. Resolution of this threshold issue will prevent wasteful litigation and allow the parties to focus on the core issues in this case.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to

Page 3 of 11
Jason Roche, et al. v. S-3 Pump Service, Inc.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR
Plaintiffs' Motion for Partial Summary Judgment
Regarding the Employer Status of Separate Defendant
Malcolm H. Sneed and Memorandum Brief in Support

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Willis v. Roche Biomedical Lab., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). In making this determination, the court will review the evidence in the record and disregard the evidence favorable to the moving party that the jury is not required to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 135, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000). In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.4, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). If the record, viewed in this light, could not lead a rational trier of fact to find for the party opposing the motion, summary judgment is proper.

### III.  ARGUMENT

A.     Applicable Law

Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency,

**Page 4 of 11**
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).  A "'[p]erson' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." Id. § 203(a). Whether a person is an employer under the FLSA is a question of law, although "subsidiary findings are of fact." Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1327 (5th Cir. 1985). The definition of "employer" under the FLSA is "expansive," extending liability to persons with "managerial responsibilities" and "substantial control of the terms and conditions of the [employee's] work." Donovan v. Grim Hotel Co., 747 F.2d 966, 971 (5th Cir. 1984) (quoting Falk v. Brennan, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973)).

Analyzing whether a person is an "employer" under the FLSA "must focus upon the totality of the circumstances, underscoring the economic realities of the [employee's] employment." Donovan v. Sabine Irrigation Co., 695 F.2d 190, 194 (5th Cir. 1983). The test is one of "economic reality," rather than "technical concepts." See Goldberg v. Whitaker House Cooperative, Inc., 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961); Gray v. Powers, 673 F.3d 352, 354 (5th Cir. 2012).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Grim Hotel Co., 747 F.2d at 972 (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)); see Lee v. Coahoma County, Miss., 937 F.2d 220, 226 (5th Cir.1991) ("If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for

Page 5 of 11
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

damages resulting from the failure to comply with the FLSA."), modified on other grounds, 37 F.3d 1068 (5th Cir. 1993).   A corporate officer need not have an ownership interest in the company to be liable under the FLSA. See Reich v. Circle C. Invs., Inc., 998 F.2d 324, 329 (5th Cir. 1993)). Instead, a court must determine whether the officer "effectively dominates [the company's] administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." Sabine Irrigation Co., 695 F.2d at 194-95.

Key factors under this test of economic reality include whether an alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Williams v. Henagan, 595 F.3d 610, 620 (5th Cir. 2010), citing Watson v. Graves, 909 F.2d 1549, 1553 (5th Cir. 1990), see also Baker v. Stone County, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999) (applying the same four-factor test). "[N]o one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity." Baker, 41 F. Supp 2d at 980.

Where both a corporation and a corporate officer satisfy the definition of "employer" under the FLSA, "the officer and the corporation are jointly and severally liable for unpaid overtime wages themselves.  Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984), quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).  Craven v. Excel Staffing Serv., 2014 U.S. Dist. LEXIS 11668 (S.D. Tex. Jan. 30, 2014) A court need not pierce the corporate veil to find an officer of a corporation liable

Page 6 of 11
Jason Roche, et al. v. S-3 Pump Service, Inc.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR
Plaintiffs' Motion for Partial Summary Judgment
Regarding the Employer Status of Separate Defendant
Malcolm H. Sneed and Memorandum Brief in Support

under the FLSA. See Donovan, 712 F.2d at 1512-14, see also Chambers Constr. Co. v. Mitchell, 233 F.3d 717, 723 (8th Cir. Neb. 1956).

    B.    Employer Liability of Separate Defendant Malcolm H. Sneed

Plaintiffs are entitled to summary judgment in their favor regarding the status of Separate Defendant Sneed as Plaintiffs' employer. It is undisputed that at all times relevant to this lawsuit, Sneed was the Chief Executive Officer of S-3 Pump Service, Inc. ("S-3"), which is the corporate Defendant in this case. See Defendants' Answer ¶ 97 (ECF No. 166).  On September 28, 2015, Plaintiffs took a deposition of Malcolm H. Sneed as a S-3' Rule 30(b)(6) corporate representative.   Sneed testified during his deposition that he incorporated S-3 and for the last ten (10) years served as the CEO of the corporation:

> Q.    Okay. Thank you. Can you please tell me what is your current job
>        title right now at S-3 Pump Service?
> A.    CEO.
> Q.    And how long have you been the CEO?
> A.    Ten years.
> Q.    And are you also -- did you incorporate S-3 Pump Service?
> A.    Yes.

Sneed Dep. 16:5-13, attached hereto as Exhibit A. Defendants also admitted that Sneed had the power to hire and fire employees of S-3, supervised and set wages and wage policies for S-3's employees. See Defendants' Answer ¶ 100 (ECF No. 166).

During his deposition, Sneed testified that he set wages for the employees of S-3 (Sneed Dep. 10:14-11:8) and prepared the guidelines for wages of S-3's employees (Id.).  Sneed was/is in charge of the payroll department at S-3:

> Q.    Okay. You also said that you're responsible for payroll as part of S-
>        3 Pump Service?

**Page 7 of 11**
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

> A.     Well, not necessarily doing payroll, but that everything is done in accordance with what we do. If there's a problem with payroll, it gets wrote up, it comes to me, I have to sign off on it, and we fix whatever problem that was where we don't have it again. That's within the corporate structure.

Sneed Dep. 21:22-22:4. Sneed is the highest ranking person at S-3, and all employees report to him. Sneed Dep. 23:12-23. Sneed is actively engaged into operation of S-3, has a personal office at the corporate headquarters, and works approximately 14-15 hours a day managing S-3:

> Q.     Do you still go to work every day?
> A.     Yes, ma'am.
> Q.     And your office is located at the 1918 Barton Drive, Shreveport?
> A.     Correct.
> Q.     Which is the corporate office for S-3 Pump Service?
> A.     Correct.
> Q.     You have your own personal office there?
> A.     Yes.
> Q.     Your wife has her own personal office there?
> A.     Yes.
> Q.     Okay. What time do you usually get to work?
> A.     7:30.
> Q.     What time do you usually leave work?
> A.     Depends, 6:30 to 9:00 or 10:00.
> Q.     So you put in full day of work every day?
> A.     Correct.
> Q.     14, 90 hours a week, or -- I'm trying to figure out how much you work, actually.
> A.     Probably 14. When I go home, I work. So I do 14, 15 hours of work a day easy.

Sneed Dep. 67:18-68:14.   Sneed is responsible for "everything that encompasses running a company."

> Q.     Can you describe to me your regular workday.
> A.     Regular workday, show up 7:30ish. Get something to drink, sit down, start going through all the P&L statements within the company. I look at those daily.  Pull up previously what our field reports were, how many jobs we were on, who they were for, how much we're getting for said jobs, is there problems with equipment.

**Page 8 of 11**
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

> Every day is different. I mean, one day you talk about insurance, and another day you're talking about safety, you know. Just everything it encompasses running a company.

Sneed Dep. 69:12-24.   Sneed drafted and implemented S-3's employees' handbook, which has pay policies in it.  Sneed Dep. 78:1-25.  He drafted S-3's training and safety manuals.  Sneed Dep. 79:14-81:2.  Sneed made the decision to classify S-3's oil field employees as salaried:

> Q.    Did you make the decision of whether to pay employees salary or whether to pay them hourly?
> A.    No, we did salary.
> Q.    Okay. Who made the decision?
> A.    I did.

Sneed Dep. 81:20-24.

In his role at the top of the company, Sneed performed work that satisfies each and every factor of the economic reality test.  During the statutory period, Sneed played an active and controlling role in the day-to-day operations of S-3.  Further, Sneed's decisions have been instrumental in establishing the pay, benefits, working hours, corporate culture, and working conditions of Plaintiffs.  Under this set of circumstances, there is no genuine issue of material fact remaining for trial on the issue of whether Sneed is and has been sufficiently involved in the day-to-day operations of S-3 so as to fall within the definition of "employer" according to the FLSA.

As explained above, it is undisputed that Sneed had the power to hire and fire employees of S-3, supervised and set wages and wage policies for S-3's employees. See Defendants' Answer ¶ 100 (ECF No. 166).  Sneed drafted S-3's employees' handbook, safety and training manuals.  Sneed Dep. 78:1-81:2. Sneed is personally involved into every day operation of S-3, and he is responsible for "everything [that]

Page 9 of 11
Jason Roche, et al. v. S-3 Pump Service, Inc.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR
Plaintiffs' Motion for Partial Summary Judgment
Regarding the Employer Status of Separate Defendant
Malcolm H. Sneed and Memorandum Brief in Support

encompasses running a company." Sneed Dep. 69:12-24. The undisputed facts show that Sneed had the authority to set Plaintiffs' schedules and supervise their work, and that he actually exercised that authority on a regular basis. Therefore, this factor indicates that Separate Defendant Sneed is liable as Plaintiffs' employer under the FLSA.  The fact that Sneed controlled the rates and method of Plaintiffs' payment supports a conclusion that he was an employer liable for violations of the FLSA. Sneed built S-3 from scratch and personally made the decision to classify S-3's employees as non-exempt from the requirements of the FLSA. Sneed Dep. 81:20-24.  It is only natural that he should be held responsible for the company's violations of the law.

 C. <u>Conclusion</u>

  Separate Defendant Malcolm H. Sneed has taken the baseless position that he is not an employer of Plaintiffs. Because Sneed cannot raise a genuine issue of material fact from which this Court or a reasonable jury could determine that he is not Plaintiffs' employer, Plaintiffs are entitled to summary judgment in their favor regarding the liability of Separate Defendant Malcolm H. Sneed as an employer of Plaintiffs pursuant to the FLSA.

  WHEREFORE, premises considered, Plaintiffs Jason Roche, *et al*., each individually and on behalf of all others similarly situated, respectfully request an order of this Court granting their motion for partial summary judgment regarding the employer status of Separate Defendant Malcolm H. Sneed and for such other relief as may be just and proper.

**Page 10 of 11**
**Jason Roche, et al. v. S-3 Pump Service, Inc.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR**
**Plaintiffs' Motion for Partial Summary Judgment**
**Regarding the Employer Status of Separate Defendant**
**Malcolm H. Sneed and Memorandum Brief in Support**

Respectfully submitted,

**PLAINTIFFS JASON ROCHE, ET AL.**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Texas. Bar No. 24077858
        josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk for the U.S. District Court, Western District of Texas, on November 17th, 2015, using the electronic case filing system of the Court. The attorney listed below is registered to receive an electronic copy hereof.

Cary Hilburn, Esq.
Hilburn & Hilburn, PLC
220 Carroll Street, Building B
Shreveport, Louisiana 71105

                         /s/ Josh Sanford
                         **Josh Sanford**

Page 11 of 11
Jason Roche, et al. v. S-3 Pump Service, Inc.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-268-XR
Plaintiffs' Motion for Partial Summary Judgment
Regarding the Employer Status of Separate Defendant
Malcolm H. Sneed and Memorandum Brief in Support